UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANICA SHELTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:05-cv-756-JDT-WTL |
| ) | |
| FAMILY DOLLAR STORES OF ) | |
| INDIANA, LP, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S SECOND MOTION TO COMPEL**

This cause is before the Magistrate Judge on the Defendant's second motion to compel. The motion is fully briefed, and the Magistrate Judge, being duly advised, **DENIES AS MOOT** the motion. However, for the reasons set forth below, the Magistrate Judge will recommend pursuant to Federal Rule of Civil Procedure 37(a)(4)(A) that the defendant be awarded the attorney fees and costs it expended in filing this motion.

On November 15, 2005, the defendant filed its first motion to compel in which it reported that the plaintiffs had failed to respond to the defendant's initial discovery requests and that their initial disclosures were deficient. Despite receiving two extensions of time in which to do so, plaintiffs did not file a response to the motion. On February 3, 2006, the Magistrate Judge granted the motion in part and ordered the plaintiffs to remedy the problems with their initial disclosures and "serve, without objections" their responses to the defendant's discovery requests within fourteen days.

On or about February 22, 2006, the defendant received the plaintiffs' discovery responses. Rather than complying with the Magistrate Judge's instructions, the plaintiffs objected to several of the requests; it was not clear from the responses whether any responsive

documents were withheld based upon the objections. The defendant sent plaintiffs' counsel a letter dated March 21, 2006, addressing that fact and other problems with the responses and requesting a response by April 3, 2006. When no response had been received by April 20th, the defendant filed the instant motion.

This time the plaintiffs filed a response. In it, plaintiffs' counsel explained that he believed the reason he did not respond to the March 21st letter was that a virus attacked his electronic calendar and erased the calendar entry that would have prompted him to respond. Plaintiffs' counsel also explained that the plaintiffs had not withheld any documents based upon their objections and that the defendant's other issues also had been resolved since the filing of the motion. Plaintiffs' counsel takes the position that (1) simply sending a letter was not sufficient and that defense counsel should have attempted to contact him again before filing the instant motion to compel; (2) once defense counsel was notified that a computer virus was the likely cause of plaintiffs' counsel's failure to respond to the letter, it should have withdrawn its motion to compel; and (3) the refusal to withdraw the motion warrants an award of sanctions against the defendant.

Under different circumstances, perhaps it would have been reasonable to expect defense counsel to make an additional attempt to contact plaintiffs' counsel before filing a motion to compel. As plaintiffs point out, a follow-up phone call or email likely would have saved everyone–including the court–time and effort. However, given plaintiffs' counsel's track record in this case, the Court does not believe that the defendant was required to take that extra step. Further, in light of the fact that the defendant had to file two motions to compel in order to get all of the discovery responses to which it was entitled, the Magistrate Judge believes that it is appropriate to enter an award of expenses against plaintiffs' counsel pursuant to Federal Rule of

Civil Procedure 37(a)(4)(A). The defendant shall file the appropriate affidavits and supporting documents setting forth the fees and expenses it incurred in filing the instant motion[1] and related filings.

    SO ORDERED:    6/29/06

                                         Hon. William T. Lawrence, Magistrate Judge
                                         United States District Court
                                         Southern District of Indiana

Copies to:

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com

Ronald E. Weldy
ABRAMS & WELDY
weldy@abramsweldy.com

Craig Warner Wiley
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
craig.wiley@ogletreedeakins.com

---

[1] It appears that Judge Tinder already has awarded the defendant fees and expenses related to its first motion to compel along with those incurred in filing a motion to dismiss one of the plaintiffs.